Trevino 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00416-CR







Alfredo Trevino, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT,

NO. 93-645-K26, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING







 A jury convicted appellant Alfredo Trevino of aggravated sexual assault and
sentenced him to life imprisonment and a fine of $10,000. Tex. Penal Code Ann.
§ 22.021(a)(1)(B)(i) (West 1994). (1) Appellant complains on appeal that the trial court erred by
overruling his objection to the State's failure to provide a statement from the victim-complainant. 
We will affirm the trial court's judgment of conviction.



THE CONTROVERSY


 The central issue in this appeal is whether the State timely produced at trial a report
written by Lisa Tatum, a caseworker for the Texas Department of Protective and Regulatory
Services, who interviewed the complainant and testified on behalf of the State. Tatum's report
contains a five-page summary of her interview with the complainant, including the complainant's
description of the assault. In pretrial discovery, the State read the contents of this report to
appellant's counsel without providing an actual copy of the file; appellant does not challenge the
propriety of pretrial discovery.

 Appellant does challenge the timing of the State's production of the report at trial. 
The State called the complainant as its first witness. Appellant, after cross-examination, moved
for the production of any pertinent prior statements made by the complainant. See Tex. R. Crim.
Evid. 614 ("Rule 614"). The State responded that no such statements existed. The State then
called Tatum as a witness. Before cross-examining Tatum, appellant moved for the production
of any pertinent prior statements and was provided with a copy of Tatum's report. Upon reading
the report, appellant contended that it contained a statement by the complainant covered by his
prior request under Rule 614. Appellant further claimed that the report contained inconsistencies
with the complainant's testimony and indicated to the trial court his desire to introduce the entire
report into evidence as an exhibit. The court ruled that appellant could use the report on cross-examination of the witness but could not offer it in toto as an exhibit. Appellant then objected to
the State's failure to produce the report at the time of his prior request. The court overruled the
objection. Appellant never attempted to recall the complainant for cross-examination concerning
the report.



DISCUSSION


 The crux of appellant's complaint is that he was denied the opportunity for effective
cross-examination of the complainant at trial. Appellant complains that, although he requested
production of any statements by the complainant, he was not provided a copy of Tatum's report
until after the complainant had completed her testimony. Appellant argues that he objected to the
State's prior failure to produce the report as soon as he received a copy following the State's
direct examination of Tatum. Because the court overruled his objection, appellant complains that
he was unable to properly cross-examine the complainant concerning the narrative in the report.

 The State responds that the report is not a statement made by the complainant
within the meaning of Rule 614 and, in any event, appellant's request for the statement was
untimely since it was made after cross-examination of the complainant. See Tex. R. Crim. Evid.
614(a), (f)(2). (2) Alternatively, the State argues that any error by the trial court was harmless
because appellant could have recalled the complainant for cross-examination and because appellant
developed the contents of the report on cross-examination of Tatum.

 We hold that appellant's request for statements by the complainant was timely. A
party may request prior statements "[a]fter a witness . . . has testified on direct examination . .
. ." Tex. R. Crim. Evid. 614(a) (emphasis added). Rule 614 imposes no other time restriction
on the request. Id. Because appellant requested prior statements by the complainant after her
direct examination was completed, the request was timely.

 We need not, however, reach the question whether the report qualifies as a
"statement" within the meaning of Rule 614. Even assuming, without deciding, that the report
contains a statement by the complainant, any error by the trial court in overruling appellant's
objection was harmless. After reviewing the record we have determined, beyond a reasonable
doubt, that the trial court's action did not in any fashion contribute to appellant's conviction or
punishment. Tex. R. App. P. 81(b)(2).

 Appellant objected during cross-examination of Tatum, after he had actually
received a copy of her report from the State. The only relief he requested was admission of the
report into evidence as an exhibit, which the trial court properly refused. (3) However, the record
indicates that the trial court gave appellant permission to use the report on cross-examination to
impeach Tatum or the complainant. Appellant could have recalled the complainant for cross-examination on the report, but failed to do so. Appellant could have moved for a mistrial due to
the State's failure to produce the complainant's statement, but failed to do so. Tex. R. Crim.
Evid. 614(e). In any event, the record discloses that appellant was able to explore the pertinent
portion of the report on cross-examination of Tatum. Thus, the trial court's ruling in no way
prejudiced appellant or foreclosed appellant's ability to request proper relief. Under these
circumstances, any error from the trial court's ruling was harmless.

 We affirm the judgment of conviction.

 


 

 Mack Kidd, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: November 1, 1995

Do Not Publish
1.   This offense took place before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1,
1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16,
§ 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended). Because the
amendments had no substantive effect on this offense, the current code is cited for the sake of
convenience.
2.   Rule 614 provides, in pertinent part, as follows:

 

(a) Motion for production. After a witness other than the defendant has testified
on direct examination, the court, on motion of a party who did not call the
witness, shall order the attorney for the state or the defendant and his attorney, as
the case may be, to produce, for the examination and use of the moving party,
any statement of the witness that is in their possession and that relates to the
subject matter concerning which the witness has testified.


. . . .


(f) Definition. As used in this rule, a "statement" of a witness means:


. . . . 


 (2) a substantially verbatim recital of an oral statement made by the
witness that is recorded contemporaneously with the making of the oral statement
and that is contained in a stenographic, mechanical, electrical, or other recording
or a transcription thereof . . . .
3.   Extrinsic evidence of a prior inconsistent statement by a witness may only be admitted
once the witness has been told about the nature and contents of the statement and has been
given an opportunity to explain or deny it. Tex. R. Crim. Evid. 612(a). Here, the trial court
correctly denied admission of the report because appellant was improperly attempting to
impeach the complainant.



 Crim. Evid. 614(a) (emphasis added). Rule 614 imposes no other time restriction
on the request. Id. Because appellant requested prior statements by the complainant after her
direct examination was completed, the request was timely.

 We need not, however, reach the question whether the report qualifies as a
"statement" within the meaning of Rule 614. Even assuming, without deciding, that the report
contains a statement by the complainant, any error by the trial court in overruling appellant's
objection was harmless. After reviewing the record we have determined, beyond a reasonable
doubt, that the trial court's action did not in any fashion contribute to appellant's conviction or
punishment. Tex. R. App. P. 81(b)(2).

 Appellant objected during cross-examination of Tatum, after he had actually
received a copy of her report from the State. The only relief he requested was admission of the
report into evidence as an exhibit, which the trial court properly refused. (3) However, the record
indicates that the trial court gave appellant permission to use the report on cross-examination to
impeach Tatum or the complainant. Appellant could have recalled the complainant for cross-examination on the report, but failed to do so. Appellant could have moved for a mistrial due to
the State's failure to produce the complainant's statement, but failed to do so. Tex. R. Crim.
Evid. 614(e). In any event, the record discloses that appellant was able to explore the pertinent
portion of the report on cross-examination of Tatum. Thus, the trial court's ruling in no way
prejudiced appellant or foreclosed appellant's ability to request proper relief. Under these
circumstances, any error from the trial court's ruling was harmless.

 We affirm the judgment of conviction.

 


 

 Mack Kidd, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: November 1, 1995

Do Not Publish
1.   This offense took place before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1,
1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16,
§ 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended). Because the
amendments had no substantive effect on this offense, the current code is cited for the sake of
convenience.
2.   Rule 614 provides, in pertinent part, as follows:

 

(a) Motion for production. After a witness other than the defendant has testified
on direct examination, the court, on motion of a party who did not call the
witness, shall order the attorney for the state or the defendant and his attorney, as
the case may be, to produce, for the examination and use of the moving party,
any statement of the witness that is in their possession and that relates to the
subject matter concerning which the witness has testified.


. . . .